By the Court.
Sedgwick, Ch. J.
The first ground claimed for reversing the judgment, was, that the plaintiff’s obligation to take proceedings in the six cases mentioned in the written contract, was entire, and that there could be no compensation for proceedings taken in some of the cases when proceedings had not been taken in the rest. This assumes that plaintiff’s omitting to take proceedings, and such was the case, was a default in a part of his obligation.
The defendant agreed to pay the compensation in consideration of “such service,” in the words of the contract. These words can only refer, to the former clause, “I hereby retain James A. Deering, to take such legal proceedings as to him shall seem fit to secure, etc.” The services were intended to be such as it would be the duty *271 of the lawyer to perform, after a retainer, in respect of its subject matter. The retainer was to take such proceedings as the counsel saw fit. The implication is, that unfit or inefficacious proceedings were not to be taken. It cannot be imagined that the defendant intended to bind the plaintiff to take in defendant’s name, a proceeding, which would end adversely to him, with the burden of paying costs. The plaintiff gave testimony to show that in the cases where he took no proceedings, any proceeding, if taken, would have ended adversely to the defendant. He took proceedings successfully in the other cases. This showed, in my opinion, an entire performance on the part of plaintiff. No question of fact or law was made at the trial as to whether the plaintiff had shown that in the cases where no proceedings were taken, none could have succeeded. The point was, that the plaintiff was bound to take proceedings in all the cases. This is not correct. The defendant’s counsel, however, gave as one of the grounds of a motion to dismiss the complaint, that the plaintiff could not recover, without showing a good reason for not proceeding to remove the other assessments, or to recover back the money. The plaintiff had in fact, in his testimony, given reasons for not proceeding. It was assumed by the plaintiff, that reasons or good reasons must be given. His testimony on this point made at the last a question for the jury.
The next objection is, that the plaintiff did not accomplish anything to entitle him to compensation within the time limited by the contract, which provided that proceedings intended by it must be completely ended by January 1, 1881. The proceedings were not completed at that day, but were continued after it. There was proof that the defendant assented to their going on after the day, and in one particular took part in them. He did not at the time, nor until this action was threatened, claim that the contract was at an end. The contract was not avoided, and the plaintiff could recover compensation under it (Gallagher v. Nichols, 60 N. Y. 448).
*272 It is maintained that the proceedings were successful, by reason of an act passed after the written contract was made, and that the contract was intended by the parties to refer to the state of the law, as ifc was when the contract was made, and that from this consideration, the plaintiff could not recover under the contract, but at the most quantum meruit. Assuming this to be correct, there was evidence in the case that the services were worth the amount that the contract specified. The defendant promised to pay the amount when it was demanded by the plaintiff in the presentation of a bill, and asked the plaintiff to get it, if he could, from another person who held certain moneys that the defendant thought should be applied to the payment of the bill. This promise is circumstantial evidence of the value of the services, and has a peculiar significance in this case where defendant is himself a lawyer. The defendant, however, gave no evidence as to the value of the services.
The plaintiff recovered 25 per cent., not only of the reduction of the amount of the assessment, as it was first made, but also of the reduction of the interest, that followed the reduction of the assessment. This is attacked, on the ground that the contract was, that the percentage should be upon the reduction of the assessment itself. This is sufficiently met by the words of the contract which were “ 25 per cent, of the amount which the sum due for said assessments shall be reduced.” The sum due for the assessment, comprised the interest upon its first amount.
Judgment affirmed, with costs.
O’Gorman, J., concurred.